**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**DAVID SCOTT ALBERS,**

        Petitioner**,**

    v.                               **Civil Action No. 5:21-CV-124**
                                           Judge Bailey

**WARDEN ADAMS,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On July 22, 2021, David Albers, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition").  The petitioner is a federal inmate housed at USP Leavenworth in Leavenworth, Kansas[1] and is challenging the BOP's computation of his sentence.  On August 18, 2021, petitioner paid the $5 filing fee.  On August 25, 2021, the respondent was ordered to show cause why the petition should not be granted.  On October 5, 2021, respondent filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. 13].  On October 6, 2021, petitioner was issued a ***Roseboro*** Notice providing him with twenty-one days to file any opposition to the Motion.  On November 9, 2021, this Court extended that deadline, giving petitioner until November 30, 2021, to file any response to the Motion.  [Doc. 22].  To date, petitioner has not filed a response.  The matter is currently pending before the undersigned for a

---

[1] At the time of filing his petition, petitioner was housed at FCI Hazelton in Bruceton Mills, West Virginia.

Report and Recommendation pursuant to LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Motion to Dismiss be granted and that the petition be dismissed.

## II.   BACKGROUND

On June 23, 2009, petitioner was sentenced in Michigan's 16th Circuit Court to a term of 9 to 30 years for Solicitation of Murder.  [Doc. 13-1 at 2].  On October 7, 2010, Albers was indicted in the Western District of Michigan for Murder for Hire in violation of 18 U.S.C. § 1958(a).[2]  On October 12, 2010, the Magistrate Judge in that case issued a writ of habeas corpus ad prosequendum and petitioner was taken into the custody of the United States Marshals to appear in court for his federal proceedings.  On July 11, 2011, petitioner was sentenced in that case to a term of 120 months imprisonment, to be served consecutive to his state court conviction; he was returned to state custody on July 14, 2011.  On March 18, 2017, the Michigan Parole Board granted parole to petitioner, setting him to be released from state custody on August 2, 2017.  [Doc. 1-3 at 2].  The county prosecutor filed an emergency motion to stay release, which was granted by the circuit court.  [Id.].  On January 29, 2019, the State of Michigan Court of Appeals found that the circuit court erred in reversing the Parole Board's decision and reinstated the decision of the Parole Board.  [Id. at 4–5].  Petitioner was then paroled on April 17, 2019, and began serving his federal sentence.

---

[2] These facts are taken from the petitioner's criminal case, **USA v. Albers**, 1:10-cr-00297-JTN-1 in the United States District Court for the Western District of Michigan, available on PACER.  **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On October 9, 2019, petitioner filed a request for an administrative remedy in which he requested the Bureau of Prisons ("BOP") order nunc pro tunc designation for the period from August 2, 2017, to April 7, 2019.  [Doc. 1-5].  He argued that because his parole was reinstated by the appeals court, he is entitled to credit for that time.

### III. <u>STANDARD OF REVIEW</u>

**A.  Motion to Dismiss**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.'  ***Bell Atl. Corp. v. Twombly***, 550 U.S. 554, 570 (2007) (emphasis added)."  ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs.  ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995).  In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible."  ***Id***. at 570.

3

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. **Id**. at 396–97.

## B.  Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986).  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary

4

judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV.    CLAIMS OF THE PETITION

In his petition, Albers raises three issues.  First, he contends that the BOP erred "by failing to comply with procedure set forth by Congress and its own regulation." [Doc. 1-1 at 4].  He contends that the BOP acted unlawfully in denying him nunc pro tunc designation for the period between August 2, 2017, and April 17, 2019.  [Id. at 5].  Second, he contends the BOP erred by "not considering the Circuit Court's violation of law by 'Stay of Parole' from State Conviction."  [Id. at 6].  Third, he claims he has been denied fair and impartial treatment, and that the BOP has acted vindictively because he sought additional credits through the administrative process.  [Id. at 7–8].  Although phrased in different ways, the first three arguments get at the same idea: that his state sentence ought to have ended on August 2, 2017, and that, therefore, the BOP should issue nunc pro tunc designation from that date up until the date he was actually released from state custody. Finally, he asks for credit for the period of October 12, 2010, to July 11, 2011, when he was in federal custody on the Writ of Habeas Corpus Prosequendum.

## V.   **APPLICABLE LAW**

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commences. ***United States v. Wilson***, 503 U.S. 329, 334 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585 (b), which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Id.

Under section 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served." Generally, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate retains primary custody over him until that sovereign's imposed sentence is satisfied. ***United States v. Evans***, 159 F.3d 908, 912 (4th Cir. 1998). When an inmate is borrowed pursuant to a writ of habeas corpus ad prosequendum, the original sovereign has "merely loan[ed] that prisoner to federal authorities" and does not forfeit its primary jurisdiction. Id. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id.

18 U.S.C. § 3621(b) grants the BOP discretion to select the place of a federal prisoner's confinement, stating that the agency may "designate any available penal or correctional facility that meets minimum standards of health and habitability . . ., [regardless of] whether [the facility is] maintained by the Federal Government or otherwise . . ., that [BOP] determines to be appropriate and suitable."  18 U.S.C. § 3621(b). "The phrase 'or otherwise' refers to the BOP's authority to designate federal prisoners to state prisons." *Jefferson v. Berkebile*, 688 F.Supp.2d 474, 486 (S.D. W.Va. 2010)(citing *Evans*, 159 F.3d at 911–12). The statute specifically directs the BOP to consider five factors in making this determination:

1. the resources of the facility contemplated;

2. the nature and circumstances of the offense

3. the history and characteristics of the prisoner;

4.  any statement by the court that imposed the sentence –

   (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or

   (B) recommending a type of penal or correctional facility as appropriate; and

5. any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Under this statute, the BOP has the power to order a nunc pro tunc designation of a state facility as the place of imprisonment for a federal prisoner, essentially allowing for a retroactive concurrency through which the federal prisoner can receive credit against

his federal sentence for time already served in the state facility. *Jefferson*, 688 F.Supp.2d at 487 (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 245-46 (3d Cir. 2005)).

The BOP's policy on designating a non-federal institution for the service of a federal sentence is set forth in BOP Program Statement 5160.05. "Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent."  Id. at 4. The sentencing court's intent can be established at the time the sentence is imposed, by way of an order or recommendation, as recorded in a document such as a judgment and order of commitment.  Failing that, an inmate can request a nunc pro tunc designation, as the petitioner did in this matter.

## VI.    ANALYSIS

On November 17, 2019, the BOP responded to petitioner's administrative remedy requesting nunc pro tunc designation.  The response from Warden Entzel indicated:

> A review of this matter revealed that you were released from you (sic) state sentence on April 17, 2019.  The Judgment and Commitment out of the Western District of Michigan states, "one hundred twenty (120) month, to be served consecutive to the sentence imposed in the 16th Circuit Court (State of Michigan), case number 2008-005092-FC." . . . You were serving a state sentence and the federal term was ordered to run consecutive to that sentence.  The commencement of your federal sentence, which you request, is precluded under Title 18 U.S.C. 3585(c) at this time.

[Doc. 1-5 at 1].  Petitioner's argument is that, although he was released from state custody on April 17, 2019, because the Michigan Court of Appeals found that the circuit court erred in reversing the Parole Board's decision to grant him parole, he should have been

released August 2, 2017, and therefore his federal sentence should account for the additional time spent in state custody.  Once BOP has considered a request for nunc pro tunc designation, this Court is limited to reviewing the BOP's decision for abuse of discretion.  *Barden v. Keohane*, 921 F.2d 476, 478 (3rd Cir. 1990).  The BOP's determination that petitioner's state sentence ended on April 17, 2019, comports with the Michigan Department of Corrections' report, which indicates his state sentence ran until that date.  *See* [Doc. 13-3 at 37].  Because the period from August 2, 2017, to April 17, 2019, was credited to petitioner's state sentence, the BOP did not abuse its discretion in denying nunc pro tunc designation for that period.

Next, as to the period of October 12, 2010, to July 11, 2011, petitioner likewise received credit toward his state sentence for that period.  *See* [Id.]. Generally, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate retains primary custody over him until that sovereign's imposed sentence is satisfied.  *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998). When an inmate is borrowed pursuant to a writ of habeas corpus ad prosequendum, the original sovereign has "merely loan[ed] that prisoner to federal authorities" and does not forfeit its primary jurisdiction. *Id*.  "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Id*.  Albers alleges that at his arraignment, the magistrate judge indicated that the time spent being processed in federal court would be credited toward his federal **and** state sentences. [Doc. 1-1 at 9].  However, this Court agrees with the respondent that, "[r]egardless of what the Magistrate allegedly stated at a hearing, Petitioner was in primary state custody and

received credit on his state sentence for all time out on the federal Writ of Habeas Corpus Prosequendum."  [Doc. 13-1 at 8].  Accordingly, petitioner is not entitled to additional credit for that time.

## VII.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [**Doc. 13**] be **GRANTED**, and that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Each party shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.  A copy of such objections should also be submitted to the United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour***, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* petitioner by

certified mail, return receipt requested. In addition, this Report and Recommendation completes the referral from the District Court. The Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

      **DATED:** January 4, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

11